CARMEN GENTILE et al., Respondents, v DIRK DE JONG et al., Appellants.

Third Department, November 13, 1980

APPEARANCES OF COUNSEL

*Richard T. Horigan* for appellants.

*Richard A. Insogna* for respondents.

### OPINION OF THE COURT

HERLIHY, J.

On March 24, 1976, at about 9:30 P.M., defendant Hart was operating a farm tractor which was towing a manure spreader on a public highway in the State of New York. The equipment was owned by the defendant De Jong and was not registered with the Department of Motor Vehicles pursuant to subdivision 13 of section 401 of the Vehicle and Traffic Law, but it is not disputed that the same was used in connection with the operation of the De Jong Farm. The collision occurred on the said State highway with both the plaintiffs' and defendants' vehicles proceeding in the same direction when the automobile of the plaintiff struck the manure spreader in the rear. The lighting equipment on the tractor consisted of two forward-facing headlights and one red taillight all of which it is alleged were operating at the time of the accident. The manure spreader had no lights, but three red reflectors on the rear thereof.

The central issue upon this appeal is whether or not the trial court should have instructed the jury as a matter of law that the manure spreader was unlawfully upon the highway because of failure to have lights and other equipment as specified in the Vehicle and Traffic Law.

While there were numerous sections of the Vehicle and Traffic Law prior to 1976 that excepted certain farm equipment as to lighting requirements, it appears certain that it must have been the intent of the Legislature that the Vehicle and Traffic Law, when read in its entirety, required all motor vehicles without exception to have adequate lighting equipment in the front and rear of the vehicles after dark or in the night time. While there appears to be some ambiguity or confusion as to the requirements of farm equipment, such equipment operating on a public highway after dark is as much a menace as any other kind of a motor vehicle.

Section 376 of the Vehicle and Traffic Law, as it appeared in 1976, was specifically applicable to "commercial" vehicles and in paragraph (b) of subdivision 11 it defined a "commercial vehicle" as "Every type of motor-driven vehicle used for commercial purposes on the highways, such as the transportation of goods, wares and merchandise and motor coaches carrying passengers; including trailers and semitrailers, and tractors when used in combination with trailers and semitrail-

ers, and excepting such vehicles as are run only upon rails or tracks." However, subdivision 13 of section 376 as applicable in 1976 provided: "The provisions of this section shall also be applicable to *all* trailers * * * not used for commercial purposes except that those provisions relating to headlamps, parking lamps and directional signals on the front shall not apply to such trailers". (Emphasis added.)

Accordingly, it is apparent that the effect of subdivision 13, as added by chapter 87 of the Laws of 1969, was to require lamps, signaling devices and reflectors on trailers, including the manure spreader in this case.

■ Since the record establishes that the trailer manure spreader herein had none of the required lights specified in section 376 or in 15 NYCRR Part 43, it was, as a matter of law, unlawfully upon the highway. While the trial court's reason for instructing the jury that the defendants were guilty of negligence as a matter of law was premised upon an erroneous view of sections 376 and 375; nevertheless, the error was only technical. We do not find the court's charge to be so erroneous as to warrant a new trial as a matter of law or in the interest of justice. The charge as a whole conveys to the jury the correct rule of law for its proper consideration of this case. The defendants' sole objection to the charge upon appeal is that section 376 does not apply and that objection is not sustainable.

■ The defendants further contend that the verdict is excessive. The trial court issued a decision dated March 15, 1979 granting a new trial unless the plaintiffs stipulated as to a reduction of damages from $10,000 to $6,000 for Carmen Gentile and from $55,000 to $40,000 for Lois Gentile. It appears or at least can be inferred from the record that neither plaintiffs nor the defendants agreed to the said stipulation. The court, instead of granting a new trial, denied the defendants' motion to reduce the verdicts as excessive and allowed the entry of judgment for the full amounts. In this somewhat unusual posture, we determine that the verdicts as returned by the jury, while liberal, are not so shocking as to require this court to grant a new trial.

The judgment and order should be affirmed, with costs.

MAHONEY, P. J., SWEENEY, KANE and CASEY, JJ., concur.

Judgment and order affirmed, with costs.